IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ABRA HORNE                                                    PLAINTIFF

VERSUS                              CIVIL ACTION NO. 1:08-CV-41LG-JMR

HARRISON COUNTY MISSISSIPPI, by and
through its Board of Supervisors,
HARRISON COUNTY SHERIFF'S DEPARTMENT,
SHERIFF GEORGE PAYNE, officially and
in his individual capacity, CAPTAIN
RICK GASTON, officially and in his
individual capacity, DEPUTY REGINA RHODES,
officially and in her individual capacity,
and OTHER UNKNOWN JOHN AND JANE DOES A-Z,
officially and in
their individual capacities                                  DEFENDANTS

## ANSWER AND DEFENSES OF
## HARRISON COUNTY, MISSISSIPPI TO COMPLAINT

COMES NOW, the Defendant, HARRISON COUNTY, by and through its

BOARD OF SUPERVISORS (hereinafter "Harrison County"), by and

through its attorney of record, Karen J. Young, of the Meadows Law

Firm, and files its Answer and Defenses to the Complaint filed as

follows, to-wit:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be

granted and should be dismissed pursuant to Fed. R. Civ. P.

12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Harrison County would show that any damages of the Plaintiff,

the existence thereof of which are denied, were the result of inactions or actions of persons other than this Defendant, whose actions Harrison County did not control, or have the right to control, including persons who may have been employed by the Sheriff of Harrison County, but who were acting outside the course and scope of their employment during the incident which is the subject of the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively avers and pleads the doctrine of sovereign immunity against the claims of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant is exempt as a governmental entity pursuant to Miss. Code Ann. § 11-46-9 (1972), specifically Sections 1(b), (c), (d), (g), (m), and (r).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is subject to the exclusive remedy provisions of Miss. Code Ann. §§ 11-46-7 and 11-46-15 (1972)(Supp. 1996). Plaintiff is not entitled to a trial by jury.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff sues for personal injuries, Defendant raises the defense Plaintiff suffered from a pre-existing condition or conditions.

### SEVENTH AFFIRMATIVE DEFENSE

The subject of the Plaintiff's Complaint does not involve any implementation or execution of any policy, statement, ordinance or

regulation or decision officially adopted and/or promulgated by this Defendant.  The Defendant neither promulgated nor condoned any policy, custom or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 42 U.S.C. § 1983, and the Mississippi State Tort Claims Act, Plaintiff cannot recover exemplary or punitive damages, attorney's fees, or pre-judgment interest.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to give statutory notice of his claim as required by Miss. Code Ann. § 11-46-11 (1972).

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to follow the proper administrative remedies before filing his lawsuit.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the state and federal statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has alleged violations under the Civil Rights Act, codified at 42 U.S.C. § 1983.  Harrison County states that a governmental entity cannot be held liable for civil rights violations under the doctrine of Respondeat Superior, and Harrison County should be dismissed with prejudice in this cause.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves and invokes all other rights and defenses available, including but not limited to, those set forth in Fed. R. Civ. P. 8(c) and 12(b).

## FOURTEENTH AFFIRMATIVE DEFENSE

AND NOW, without waiving any other defense to which it is entitled, the Defendant answers the Complaint, paragraph by paragraph, as follows:

## PRELIMINARY STATEMENT

1.  Harrison County admits that this Complaint is a Federal Civil Rights action and denies the remaining allegations of paragraph 1.

## STATEMENT OF THE FACTS

2.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2; therefore, all allegations are denied.

3.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3; therefore, all allegations are denied.

4.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4; therefore, all allegations are denied.

5.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5; therefore, all allegations are denied.

-4-

6.   Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6; therefore, the allegations are denied.

7.   Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7; therefore, the allegations are denied.

8.   Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8; therefore, the allegations are denied.

9.   Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9; therefore, the allegations are denied.

## JURISDICTION

10.  Harrison County admits this Court has jurisdiction of these claims.  The remaining allegations of paragraph 10 are denied.

## VENUE

11.   Harrison County admits this Court has venue of these claims.  The remaining allegations of paragraph 11 are denied.

## COUNT 1
## ACTION FOR DEPRIVATION OF CIVIL RIGHTS
## (42 U.S.C. SECTION 1983)

12.  Defendant incorporates by reference, its responses to paragraphs 1 through 11 above.

13.  Denied.

14.  Denied.

15.  Denied.

## COUNT II
### ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### (42 U.S.C. SECTION 1985)

16.  Defendant incorporates by reference, its responses to paragraphs 1 through 15 above.

17.  Denied.

18.  Denied.

19.  Denied.

## COUNT III
### ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY
### (42 U.S.C. SECTION 1985)

20.  Defendant incorporates by reference, its responses to paragraphs 1 through 19 above.

21.  Denied.

22.  Denied.

23.  Denied.

### PRAYER FOR RELIEF

Defendant denies each and every allegation in the general Party for Relief, including subparagraphs a, b, c, and d.

AND NOW, having filed its separate Answer to the Complaint, Harrison County moves this Court to Dismiss it with prejudice, with costs assessed against the Plaintiff as provided by law.

RESPECTFULLY SUBMITTED this the 18th day of March, 2008.

> HARRISON COUNTY, BY AND THROUGH ITS
> DULY ELECTED BOARD OF SUPERVISORS
>
> THE MEADOWS LAW FIRM
>
>
> BY: /s/ *Karen J. Young*
>      KAREN J. YOUNG


### CERTIFICATE OF SERVICE

I, Karen J. Young, of The Meadows Law Firm, do hereby certify that a true and correct copy of the above and foregoing Answer and Defenses of Harrison County, Mississippi to the Complaint was filed with the United States District Court wherein a copy was forwarded electronically to:

> Michael W. Crosby, Esq.
> 2111 25th Avenue
> Gulfport, MS 39501

SO CERTIFIED this the 18th day of March, 2008.

> /s/ *Karen J. Young*
> KAREN J. YOUNG, MS Bar #6654


KAREN J. YOUNG, ESQUIRE
MS BAR NO. 6654
MEADOWS LAW FIRM
P. O. Drawer 1076
1902 21st Avenue
Gulfport, MS 39502
(228) 868-7717
(228) 868-7715 (Fax)